ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

AARON PINO,

                Plaintiff,

    -against-

**MEMORANDUM
AND ORDER**
05-CV-5259 (FB)

THE STATE OF NEW YORK,
THE UNIFIED COURT SYSTEM,
THE ADMINISTRATION FOR CHILDREN'S
SERVICES, COMMISSIONER/COUNSEL,

                Defendants.
----------------------------------------x

*Appearance:*
*For the Plaintiff:*
Aaron Pino, *Pro Se*
103-07 Farmers Blvd.
Hollis, NY 11423

**BLOCK, Senior District Judge:**

    Plaintiff Aaron Pino ("Pino"), proceeding *pro se*, filed suit pursuant to 42 U.S.C. § 1983 against defendants State of New York, the New York Unified Court System, the Administration for Children's Services ("ACS") and the "Commissioner/Counsel" for ACS (collectively, "defendants"), alleging that the ACS failed to comply with the terms of a settlement regarding child visitation privileges and seeking $50,000 in damages.[1] *See* Compl. ¶ V. The Court

---

[1] Plaintiff initially filed suit against the Commissioner and Coordinator of the Administration for Children's Services and the City of New York on October 27, 2005. On January 11, 2006, plaintiff amended his complaint, informing the Court that he has been released from custody and naming the above-captioned defendants as parties to the suit. Apart from the captioned defendants, plaintiff's original complaint and

grants Pino's request to proceed *in forma pauperis* and reviews the sufficiency of his complaint *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2)(B). For the reasons set forth below, the complaint is dismissed.

I.

Pino's suit stems from a proceeding brought in Queens Family Court in October 2001 to secure rights to visitation with his daughter. *See* Compl. ¶ IV. At the time he initiated the family court proceeding, Pino was serving a sentence for two counts of robbery in the second degree resulting from a 1999 conviction in Supreme Court, Queens County. *See People v. Pino*, 289 A.D.2d 420 (2d Dep't 2001). Pino alleges that in November 2004, the parties reached an agreement pursuant to which the ACS would facilitate visits between himself and his daughter. *See id.* Pino further alleges that in 2005, the family court ordered the ACS to arrange three visits to Rikers Island, where Pino was then incarcerated, in August and September of that year. *See id.* Pino claims that due to the ACS's "neglect and mishandling of the case," he has yet to see his daughter, and that the ACS "has caused damage to all possible communications with [his] child by failing to comply with the court[']s orders." *Id.*

II.

A. Standard of Review

Because Pino is proceeding *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the

---

amended complaint are identical.

complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). *See also Frazier v. Coughlin*, 850 F.2d 129, 130 (2d Cir. 1988) ("A *pro se* plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint") (citing *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## B. State Defendants

Pino cannot sustain a § 1983 claim against the State of New York and the New York State Unified Court System. The Eleventh Amendment of the United States Constitution bars suits in federal court by private parties against a state or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. *See Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 362 (2001); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). The New York State defendants have not consented to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999). Therefore, plaintiff's claim against these defendants must be

dismissed.

## C. Municipal Defendant

Plaintiff also fails to state a claim against the ACS, which is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. To the extent plaintiff seeks to state a § 1983 claim against a municipal entity, plaintiff must bring the action against the City of New York (the "City"). *See Lovanyak v. Cogdell*, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (citing *Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996)). Furthermore, the allegations of Pino's complaint do not state a proper claim for relief against a municipal defendant under 42 U.S.C. § 1983. To state a claim against the City under § 1983, Pino must allege that the City maintained an officially adopted policy or custom that caused injury, and that there was a direct causal connection between that policy or custom and the deprivation of a constitutional right. *See Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Pino does not allege that his rights were violated by the City based on any officially adopted policy or custom; his complaint therefore fails to state a claim against the City under § 1983.

## D. Commissioner/Counsel of ACS

With respect to Pino's claim against the "Commissioner/Counsel" of ACS, it is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Provost v. City of Newburgh*,

262 F.3d 146, 154 (2d Cir. 2001) (citations omitted). Pino's complaint fails to allege how the Commissioner/Counsel of ACS was personally involved in the events underlying his complaint; it is therefore insufficient to state a claim against that individual under § 1983.

Furthermore, the allegations of Pino's complaint give no indication that defendants' actions deprived Pino of any federal statutory or constitutional right, as required to state a claim under § 1983. In order to maintain an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).

Construed liberally, the complaint could be read as an attempt to allege a substantive due process violation of Pino's parental rights based upon defendants' failure to arrange prison visits with his daughter. Parents have a constitutional interest in the care, custody, and control of their children that is deserving of protection against state intrusion, *see, e.g., Troxel v. Granville*, 530 U.S. 57, 66 (2000); however, Defendants' alleged actions do not constitute an effort by the state to actively intrude upon Pino's pre-existing relationship with his child in an effort to terminate or change that relationship, *see, e.g., Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 27 (1981)

5

(involving parental termination proceedings), or to terminate or restrict a right to receive visits while in prison. *See, e.g., Overton v. Bazzetta*, 539 U.S. 126, 128 (2003). The allegations of Pino's complaint suggest at most that defendants failed to take affirmative steps to arrange for Pino's visitation with his daughter following his incarceration. Pino has not identified, nor has the Court's own research revealed, any federal statutory or constitutional right that would require the state to take affirmative actions to facilitate an incarcerated individual's visitation with his children. Because Pino cannot state a claim under § 1983 for deprivation of a right guaranteed by the Constitution or federal statute, it would be futile to grant Pino leave to amend his complaint to attempt to cure its other potentially correctable deficiencies.[2]

### III.

The complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore,*in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

March 9, 2006
Brooklyn, New York

---

[2] Although dismissal of Pino's federal complaint is required because its allegations do not state a claim for violation of any rights guaranteed by federal law or the Constitution, Pino is not barred from attempting to raise in state court any state law claims he may have based upon defendants' alleged failure to comply with any obligations imposed by the terms of the visitation agreement.